UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:24-CV-00190-CRS

APRIL ALSUP                                                                                                  PLAINTIFF

v.

REVENGEANCE LLC, *et al*                                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, April Alsup, brought this case against "Revengeance LLC" and "Jayla Ferrell" for copyright infringement. The Complaint is based on an Instagram post of a school photo taken and copyrighted by Alsup. Alsup alleges that Defendants removed watermarks from the school photo, posted the results on Instagram, bragged about the work, and solicited business from followers who could pay for the retouched photos at a discount. Complaint, DN 1, at ¶ 13. This matter is now before the Court on Alsup's motion for entry of a default (DN 10). For the reasons set out below, the Court will deny the motion.

## BACKGROUND AND PROCEDURAL HISTORY

Alsup filed her Complaint on March 21, 2024. Summonses for "Revengeance LLC" and "Jayla Farrell" issued the next day. DN 3 & 3-1. The address for service of process was listed as 5111 Garden Green Way, Louisville, Kentucky 40218. *Id.* According to the Complaint, the Garden Green address was defendant Ferrell's and she was the registered agent for Revengeance as well as its Manager. Complaint, DN 1, at ¶¶ 2-3. On May 30, 2024, Alsup filed an "Affidavit of Non-Service," DN 8, comprised of two process server's affidavits (one for Ferrell and one for Revengeance) to the effect that the server attempted service at the Garden Green address five times but no one answered the door.

Case 3:24-cv-00190-CRS   Document 12   Filed 09/17/24   Page 2 of 4 PageID #: 70

On July 15, 2024, Alsup filed a return of service for "Jayla M. Ferrell" at "10407 Thrrft [sic] Dr Apt 101 Louisville KY 40223-0120." DN 9 at 3. The return of service is signed by "James H. Alsup" and is dated July 14, 2024. Alsup did not file a return of service for Revengeance LLC. Nonetheless, on August 19, 2024, Alsup filed a "Request for Entry of Default" against both Defendants, DN 10. This Request is supported by the Affidavit of Plaintiff's counsel, which states:

> On July 14, 2024, The [sic] Summonses and Complaint were served personally upon Defendants, at Defendants' principal place of business, by service upon Jayla Ferrell, individual defendant and agent for Defendant REVENGEANCE LLC.

*Id.* at ¶ 4 (all caps emphasis in original). Counsel cites the filed return-of-service on "Jayla M. Ferrell" as support for this averment. The Court takes judicial notice that the Kentucky Secretary of State's on-line records do not include an entity named "Revengeance LLC." They do contain records for Revengeance L.L.C. but those records do not indicate that this business was ever located at 10407 Thrift Dr., Apt. 101, Louisville, Kentucky. As well, while Jayla Ferrell once served as the registered agent for Revengeance, the on-line records show she resigned in October 2023, although the records also indicate that she is the Manager of the company.

## **ANALYSIS**

A federal court may not exercise personal jurisdiction over a defendant unless the procedural requirement of service of summons has been satisfied. *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987). Rule 4 of the Federal Rules of Civil Procedure governs service of process and requires plaintiffs to effect service within ninety (90) days:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

FED. R. CIV. P. 4(m). The Court may extend the time for service for good cause shown. *Id.*

In this case, Alsup filed her Complaint on March 21, 2024 and the Clerk issued summonses for the named defendants, Jayla Ferrell and "Revengeance LLC," on March 22, 2024. As a result, Rule 4(m) required Alsup to effect service on or before June 20, 2024. She failed to do so. The return of service for Ferrell states that James Alsup served "Jayla M. Ferrell" on July 14, 2024 – 114 days after issuance of the summonses and thus outside the 90-limit set by Rule 4(m). No affidavit of service was filed for Revengeance. While plaintiff Alsup filed two Affidavits of Non-Service, she filed those on May 30, 2024 before her time for effecting service had run. Plaintiff Alsup never moved for an extension of time to effect service and she never explained her failure to comply with Rule 4(m)'s service deadline. On this record, there is no basis for the Court to grant a retroactive extension of time for service.

The Court notes that on August 20, 2024, Jayla Farrell, acting *pro se*, responded by letter to the Complaint (DN 11). She contests service, asserts that plaintiff Alsup has mistaken her for a different person who created fake Instagram accounts under the name "Jayla Ferrell," and asks the Court to dismiss this case. The Court declines to entertain Ferrell's request for relief. "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Ferrell's letter does not comport with the Court's Local Rules respecting motions. *See* L.R. 7.1 (motion must contain legal argument necessary to support it). Thus, to the extent Ferrell has moved to dismiss, her motion is remanded without prejudice.

As for the effect of her letter on service of process, Ferrell's knowledge of this action does not cure Alsup's failure to comply with Rule 4(m). *Friedman v. Est. of* Presser, 929 F.2d 1151,

1156 (6th Cir. 1991) ("[d]ue to the integral relationship between service of process and due process requirements . . . actual knowledge of an action" is no cure for "a technically defective service of process."). Accordingly, plaintiff Alsup's Request for a Default **(DN 10)** is **DENIED**. Further, Plaintiff is **ORDERED** to show cause, in writing, **within 30 days of the entry of this Order**, why this case should not be dismissed for failure to comply with Rule 4. Plaintiff is warned that failure to comply with this show-cause deadline will result in the dismissal of this action.

September 16, 2024



Charles R. Simpson III, Senior Judge
United States District Court

cc: Jayla Ferrell *pro se*